UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| BRIAN ADAMS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 7:21-CV-82-REW |
| v.    ) | |
| ) | |
| 3M COMPANY, *et al.*, ) | SCHEDULING ORDER |
| ) | |
| Defendants.  ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court ordered the parties submit a status report by May 26, 2023, proposing a schedule for case resolution. DE 45. Michael Martin, currently Plaintiffs' counsel, filed a status report on behalf of Johnny Givens and himself declining to give input on the case schedule moving forward in light of their pending motion to withdraw as counsel in the case (which the Court will process in due course). DE 46 (Status Report); DE 44 (Motion to Withdraw on behalf of Martin and Givens). Counsel for 3M filed a status report, indicating (and attaching exhibits to verify) attempts to reach Plaintiffs' counsel Hammond without success until the day the status report was due. DE 47. In one attached email, 3M proposed a case resolution schedule. DE 47-1. The Court construes Hammond's silence as consent to 3M's proposal (or waiver of input) and adopts the scheduling plan, as modified below. The Court **ORDERS** the following:

1. Plaintiffs **SHALL** answer a short form set of interrogatories within 60 days of this Order (and defense counsel **SHALL** serve the short-form set within 10 days of this Order), identifying the following:

    a. Which respirator product he/she used, and during which years;

    b. When and by whom his/her black lung disease was diagnosed;

    c. Whether he/she as filed state and/or federal claims concerning his/her black lung disease; and

    d. The date on which the plaintiff first consulted with a lawyer about a respirator lawsuit;

2. Plaintiffs **SHALL** produce (1) the engagement letter and intake form (redacted of any privileged matter, with a properly logged privilege claim, if any) from the first lawyer retained by the Plaintiff for a respirator lawsuit and (2) written authorizations to obtain state and federal black lung records and Social Security Earnings records within 60 days of this Order;

3. By the time of the interrogatory responses, any Plaintiff who was diagnosed with CWP (black lung) more than one year prior to the filing of the Complaint in this case **SHALL** identify themselves to defense counsel and submit to a short deposition to address the statute of limitations issue. These depositions **SHALL** be completed within 180 days of this Order; and

4. 3M **SHALL** file dispositive motions based on expiration of the statute of limitations within 60 days of the completion of the depositions on this issue. 3M shall file one brief on the basics of the applicable summary judgment rubric and the universal theories (applicable limitations, discovery rule principles, when a statute of limitations jury question applies,

etc.), not to exceed 18 pages. Then, 3M shall file individual briefs addressing the facts of each Plaintiff's case, not to exceed 7 pages.

Absent an extension on proper and timely motion, the claims of any Plaintiff that does not comply with this Order by the deadlines established will be dismissed without prejudice, at which point each Plaintiff will be given an additional 60 days to comply before his/her claims are dismissed with prejudice. After resolving the statute of limitations issues in the case, the Court will enter a second scheduling order governing the persisting claims.

This the 30th day of May, 2023.

Signed By:
*Robert E. Wier*   REW
United States District Judge