# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION

BRIAN ADAMS, et al.
(TIM AND FRANCIS BALTHIS) PLAINTIFFS

v. 7:21-CV-00082-REW-CJS

3M COMPANY, et al. DEFENDANTS

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO**
**DEFENDANT'S JOINT SET OF INTERROGATORIES**

Plaintiff, Tim Balthis, submits his Answers and Objections to the Defendants' Joint Set of Interrogatories.

**MARTIN WALTON LAW FIRM**

*/s/Michael B. Martin*
Michael B. Martin
Texas Bar No.: 13094400
Kentucky Bar No. 96907
699 S. Friendswood Drive, Suite 106
Friendswood, Texas 77456-4580
(713) 773-2035
(832) 559-0878 (facsimile)
mmartin@martinwaltonlaw.com

James Hamilton
Jonah L. Stevens
Destiny S. Hamilton
HAMILTON & STEVENS, PLLC
P.O. Box 1286
Pikeville, KY 41502
606-437-6555
606-437-6553 (fax)
james@hamiltonstevenslaw.com
jonah@hamiltonstevenslaw.com
destiny@hamiltonstevenslaw.com

Johnny Givens
Kentucky Bar No. 98938
**GIVENS LAW FIRM, PLLC**
240 Trace Colony Park Drive, Suite 100
Ridgeland, Mississippi 39157
Office: (601) 300-2009
Fax: (601) 651-3948
johnny@givens-law.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served electronically or via US Mail on this 27th day of September 2023, upon all parties of record.

*/s/Michael Martin*
Michael B. Martin

## ANSWERS AND OBJECTIONS

## GENERAL OBJECTIONS

1. Plaintiff objects to Defendants, 3M Company, American Optical Corporation, Cabot CSC, LLC, and Mine Safety Appliances' ("Defendants") Interrogatories to the extent that Defendants seek information pertaining to matters not relevant nor reasonably calculated to lead to the discovery of admissible evidence. By providing the information contained in these answers, Plaintiff does not waive his right to seek limits on discovery to those matters properly at issue under the applicable law.

2. Plaintiff generally objects to Defendants' Interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, the privilege accorded to the identity, mental impressions, and opinions of consulting experts, the party communications and investigative privilege and any other constitutional, statutory or common law privilege recognized by law.

3. It is Plaintiff's intent to assert all applicable privileges and exemptions from discovery and to otherwise fully protect privileged or exempt information or documents. Any disclosure of privileged or exempt information is inadvertent, involuntary, and unintentional, and is not intended to be a waiver of any privileges or exemptions.

4. Unless otherwise indicated, in responding to these Interrogatories, Plaintiff has assumed that the terms, words and phrases used by Defendants in these Interrogatories have the usual and normal definitions and meanings as generally used in the English language.

5. Each and every answer to any of the following inquiries set forth in Defendants' Interrogatories is intended to include the general objections stated above. No answer is intended to be a waiver of these objections. Additional specific objections made in answer to a particular interrogatory are not intended to, and do not, vitiate these general objections.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the make and model of each respirator or "dust mask" you used during your coal mining career.

**ANSWER:**

**During his coal mining career, Tim Balthis wore the following respirators: the MSA Dustfoe 66 and the MSA Dustfoe 88, the 3M 8710 and 3M 8210, and the AO 2090N.**

**INTERROGATORY NO. 2:** For each product identified in response to Interrogatory 1, identify the years when Plaintiff used that product while mining coal.

**ANSWER:**

(a) **Aberry Coal**
**Mine location: Aberry #1 Mine, Letcher County, KY**
**Years: Approximately 1988 to 1989**
**MSA Dustfoe 66, MSA Dustfoe 88, and the AO 2090N respirators. Mr. Balthis worked as a general laborer, busted rock, and operated the shuttle car.**

(b) **KTK Mining (a.k.a Branham & Baker, AEP, CAM)**
**Mine sites: Mine 15, 2B Mine, #2 Mine, #23 Mine**
**Years: Approximately 1989/1990 to 2005**
**MSA Dustfoe 66, MSA Dustfoe 88, AO 2090N respirators from 1989/1990 until approximately 1997. From 1997 -2005, 3M 8710 and 3M 8210 respirators. Mr. Balthis worked as a shuttle car operator, roof bolter, miner operator, and section boss. He also performed belt work and rock dusting.**

(c) **Alpha Natural Resources**
**Mine sites: #5 Mine, #8 Mine, #9 Mine, Deep mine 37.**
**Years: Approximately 2005 to 2017**
**3M 8210 respirator. Mr. Balthis was employed as a mining supervisor.**

(d) **Cumberland River Coal Company**
**Mine sites: Pine Branch Mine, Trace Fork Mine**
**Years: Approximately November 2010 to August 2017**
**3M 8210 respirator. Mr. Balthis was employed as a mining supervisor.**

(e) **Black Jewel Energy LLC/ Revelation Energy**
**Mine sites: D-9 Mine, Dorchester Mine, Darby Mine**
**Years: Approximately August 2017 to May 2019**
**3M 8210 respirator. Mr. Balthis was employed as a mining supervisor.**

(f) **Cambrian Coal**
**Mine sites: Lick Creek Mine, CS & S Mine, Hunts Fork Mine, Cheyenne Mine, Phoenix Mine, Cavalier Mine, Falcon Mine, Abner's Fork Mine**
**Years: Approximately May 2019 to October 2019**
**Mr. Balthis did not work in areas of hazardous dust exposures in this employment. Mr. Balthis performed mine evaluations, mine planning & belt work.**

(g) **Clintwood JOD, LLC**
**Mine sites: CE2 Plant, Lick Creek Mine, Hunts Fork Mine, CS & S Coal, Falcon Mine, Phoenix Mine, Abner's Fork Mine, Cheyenne Mine, Cavalier Mine**
**Years: Approximately 2019 to present**
**Mr. Balthis does not work in areas of hazardous dust exposures in this employment. Mr. Balthis is the mining manager.**

**INTERROGATORY NO. 3:** If Plaintiff has been diagnosed with black lung disease (including coal workers pneumoconiosis or silicosis), please:

a. Identify the physician who made the diagnosis; and

b. Identify the date of that diagnosis.

**ANSWER:**

**a. Dr. Elie Nader**

**b. 5-17-2021**

**INTERROGATORY NO. 4:** Has Plaintiff filed a state workers' compensation, USDOL, or Social Security Disability claim related to black lung? If so, specify the type of each such claim and date it was filed.

**ANSWER:**

**Mr. Balthis has not filed any claims for state workers compensation, USDOL, or social security disability related to black lung.**

**INTERROGATORY NO. 5:** Identify the date on which the Plaintiff first consulted with any lawyer about a "dust mask" or respirator lawsuit.

**ANSWER:**

**Interrogatory No. 5 is not relevant to Mr. Balthis's case because he was diagnosed on May 17, 2021, and the lawsuit was filed on April 14, 2021.**

**VERIFICATION**

STATE OF Kentucky §
§
COUNTY OF Pike §

BEFORE ME, the undersigned Notary Public, on this day personally appeared TIM BALTHIS, who, being by me duly sworn, upon oath deposed and said that he is a Plaintiff in the above styled case and that the statements contained in the above and foregoing Answers to Interrogatories are true and correct as therein stated to the best of his knowledge, information and belief.

Tim Balthis
TIM BALTHIS

SWORN TO AND SUBSCRIBED BEFORE ME on this the 25th day of September, 2023, to certify which witness my hand and official seal of office.

Charlene Fuller
Notary Public

Charlene Fuller
Printed name

My commission expires: January 4, 2026

Charlene Fuller
COMMISSION # KYNP41395
NOTARY
PUBLIC
EXP. 01/04/2026
STATE AT LARGE, KENTUCKY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION

BRIAN ADAMS, et al.
(PATRICIA BLAIR, individually
And as the executrix of the Estate of
Roger Blair) PLAINTIFF

v. 7:21-CV-00082-REW-CJS

3M COMPANY, et al. DEFENDANTS

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO**
**DEFENDANT'S JOINT SET OF INTERROGATORIES**

Plaintiff, Patricia Blair, individually and as the executrix of the Estate of Roger Blair, submits her Answers and Objections to the Interrogatories propounded by Defendant, 3M Company.

**MARTIN WALTON LAW FIRM**

*/s/Michael B. Martin*
Michael B. Martin
Texas Bar No.: 13094400
Kentucky Bar No. 96907
699 S. Friendswood Drive, Suite 106
Friendswood, Texas 77456-4580
(713) 773-2035
(832) 559-0878 (facsimile)
mmartin@martinwaltonlaw.com

James Hamilton
Jonah L. Stevens
Destiny S. Hamilton
HAMILTON & STEVENS, PLLC
P.O. Box 1286
Pikeville, KY 41502
606-437-6555
606-437-6553 (fax)
james@hamiltonstevenslaw.com
jonah@hamiltonstevenslaw.com
destiny@hamiltonstevenslaw.com

Johnny Givens
Kentucky Bar No. 98938
**GIVENS LAW FIRM, PLLC**
240 Trace Colony Park Drive, Suite 100
Ridgeland, Mississippi 39157
Office: (601) 300-2009
Fax: (601) 651-3948
johnny@givens-law.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served electronically or via US Mail on this 26th day of September 2023, upon all parties of record.

*/s/Michael Martin*
Michael B. Martin

## ANSWERS AND OBJECTIONS

## GENERAL OBJECTIONS

1. Plaintiff objects to 3M Company's ("Defendant") Interrogatories to the extent that Defendant seeks information pertaining to matters not relevant nor reasonably calculated to lead to the discovery of admissible evidence. By providing the information contained in these answers, Plaintiff does not waive his right to seek limits on discovery to those matters properly at issue under the applicable law.

2. Plaintiff generally objects to Defendant's Interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, the privilege accorded to the identity, mental impressions, and opinions of consulting experts, the party communications and investigative privilege and any other constitutional, statutory or common law privilege recognized by law.

3. It is Plaintiff's intent to assert all applicable privileges and exemptions from discovery and to otherwise fully protect privileged or exempt information or documents. Any disclosure of privileged or exempt information is inadvertent, involuntary, and unintentional, and is not intended to be a waiver of any privileges or exemptions.

4. Unless otherwise indicated, in responding to these Interrogatories, Plaintiff has assumed that the terms, words and phrases used by Defendant in these Interrogatories have the usual and normal definitions and meanings as generally used in the English language.

5. Each and every answer to any of the following inquiries set forth in Defendant's Interrogatories is intended to include the general objections stated above. No answer is intended to be a waiver of these objections. Additional specific objections made in answer to a particular interrogatory are not intended to, and do not, vitiate these general objections.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the make and model of each respirator or "dust mask" you used during your coal mining career.

**ANSWER:**

**During his coal mining career, Decedent, Roger Blair, wore the following respirators: the MSA Dustfoe 66, the 3M 8710 and the 3M 8210, and the AO 2090N.**

**INTERROGATORY NO. 2:** For each product identified in response to Interrogatory 1, identify the years when Plaintiff used that product while mining coal.

**ANSWER:**

(a) **Fields Coal Company**
**Mine location: Feds Creek, Pike County, KY**
**Years: Approximately 1982-83**
**MSA Dustfoe 66 respirator. Mr. Blair worked as a rock picker.**

(b) **Daisy Coal Corporation**
**Mine location: Feds Creek, Pike County, KY**
**Years: Approximately 1984-85**
**MSA Dustfoe 66 respirator. Mr. Blair worked as a general underground laborer, watching the tail piece, busting rock, and performing belt line work.**

(c) **Merger Mining**
**Mine location: Garden Creek, VA**
**Years: Approximately 1987**
**MSA Dustfoe 66 respirator. Mr. Blair worked as a miner helper and a miner man.**

(d) **Elkhorn Eagle Mining Company**
**Mine location: Island Creek, Pike County, KY**
**Years: Approximately 1989-1990.**
**3M 8710 respirator. Mr. Blair worked as a miner helper and operated a miner.**

(e) **Chenoa Coal Inc.**
**Mine location: Regina, Pike County, KY**
**Years: Approximately 1990-92**
**MSA Dustfoe 66 and 3M 8710 respirators. Mr. Blair worked as a miner helper and operated a miner.**

(f) **Bronco Mining Co. Inc.**
**Mine Location: Mouthcard, Pike County, KY**
**Years: Approximately 1992**
**3M 8710 respirator. Mr. Blair worked as a miner operator.**

(g) **Cheyenne Elkhorn Coal Company Inc.**
**Mine location: Phyllis, Pike County, KY**
**Years: Approximately 1992-93**
**3M 8710 respirator. Mr. Blair worked as a miner helper and operated a miner.**

(h) **Black Hawk Coal Corporation**
**Mine location: Regina, Pike County, KY**
**Years: Approximately 1993 through part of 1996**
**3M 8710 respirator. Mr. Blair worked as a miner helper and miner operator.**

(i) **Kiah Creek Mining Co.**
**Mine location: two locations near Dorton, Pike County, KY. One near Three Mile Holler.**
**Years: Approximately 1996-97**
**3M 8710 respirator. Mr. Blair worked as a miner operator.**

(j) **Branham & Baker Underground Corporation(change of mine ownership from Kiah Creek Mining Co.)**
**Mine Location: same mine locations as Kiah Creek Mining Co.**
**Years: Approximately 1997-2001**
**3M 8710 and 3M 8210 respirator. Mr. Blair worked as a miner operator.**

(k) **AEP Kentucky Coal LLC**
**Mine location: the same mines as Kiah Creek and Branham & Baker**
**Years: Approximately 2002-04**
**3M 8210 respirator. Mr. Blair worked as a miner operator.**

(l) **Excel Mining LLC**
**Mine location: Johns Creek, Pike County, KY**
**Years: Approximately 2004 (brief employment)**
**3M 8210 respirator. Mr. Blair worked as a miner operator.**

(m) **CAM Mining LLC**
**Mine location: the same mines as Kiah Creek and Branham & Baker and AEP.**
**Years: Approximately 2004-May 2014**
**3M 8210 respirator and the AO 2090N respirator.**

**Please also see the attached affidavit of Bourbon Thacker, one of Mr. Blair's co-workers at several mines.**

**INTERROGATORY NO. 3:** If Plaintiff has been diagnosed with black lung disease (including coal workers pneumoconiosis or silicosis), please:

a. Identify the physician who made the diagnosis; and

b. Identify the date of that diagnosis.

**ANSWER:**

**a. Dr. Shadi F. Obeidat with Pikeville Medical Center**

**b. 7-29-2014**

**INTERROGATORY NO. 4:** Has Plaintiff filed a state workers' compensation, USDOL, or Social Security Disability claim related to black lung? If so, specify the type of each such claim and date it was filed.

**ANSWER:**

**Mr. Blair filed a Kentucky worker's compensation claim related to coal worker's pneumoconiosis on October 1, 2014. Mr. Blair filed a social security disability claim in approximately 2014 or 2015. Mr. Blair filed for federal black lung benefits on February 27, 2018.**

**INTERROGATORY NO. 5:** Identify the date on which the Plaintiff first consulted with any lawyer about a "dust mask" or respirator lawsuit.

**ANSWER:**

**To the best of Plaintiff's knowledge, the Decedent, Mr. Blair, first consulted with a lawyer or law firm staff member on July 27, 2020. Mr. Blair passed away on January 19, 2023. His death certificate reflects that his cause of death was acute hypoxic respiratory failure secondary to severe end stage coal workers pneumoconiosis.**

**VERIFICATION**

STATE OF KENTUCKY §
§
COUNTY OF PIKE §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Patricia Blair, Executrix of the Estate of Roger Blair, who, being by me duly sworn, upon oath deposed and said that it is a Plaintiff in the above styled case and that the statements contained in the above and foregoing Answers to Interrogatories are true and correct as therein stated to the best of it's knowledge, information and belief.

Patricia Blair

PATRICIA BLAIR
EXECUTRIX OF ESTATE OF
ROGER BLAIR

SWORN TO AND SUBSCRIBED BEFORE ME on this the 20th day of September, 2023, to certify which witness my hand and official seal of office.

Ashley Fuller Ratliff
Notary Public

Ashley Fuller Ratliff
Printed name

My commission expires:
6/22/25

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION

BRIAN ADAMS, et al.
(COLIN COOK and JAMIE COOK) PLAINTIFFS

v. 7:21-CV-00082-REW-CJS

3M COMPANY, et al. DEFENDANTS

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO**
**DEFENDANT'S JOINT SET OF INTERROGATORIES**

Plaintiff, Colin Cook, submits his Answers and Objections to the Defendants' Joint Set of Interrogatories.

**MARTIN WALTON LAW FIRM**

*/s/Michael B. Martin*
Michael B. Martin
Texas Bar No.: 13094400
Kentucky Bar No. 96907
699 S. Friendswood Drive, Suite 106
Friendswood, Texas 77456-4580
(713) 773-2035
(832) 559-0878 (facsimile)
mmartin@martinwaltonlaw.com

James Hamilton
Jonah L. Stevens
Destiny S. Hamilton
HAMILTON & STEVENS, PLLC
P.O. Box 1286
Pikeville, KY 41502
606-437-6555
606-437-6553 (fax)
james@hamiltonstevenslaw.com
jonah@hamiltonstevenslaw.com
destiny@hamiltonstevenslaw.com

Johnny Givens
Kentucky Bar No. 98938
**GIVENS LAW FIRM, PLLC**

240 Trace Colony Park Drive, Suite 100
Ridgeland, Mississippi 39157
Office: (601) 300-2009
Fax: (601) 651-3948
johnny@givens-law.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served electronically or via US Mail on this 27th day of September 2023, upon all parties of record.

*/s/Michael Martin*
Michael B. Martin

**ANSWERS AND OBJECTIONS**

**GENERAL OBJECTIONS**

1. Plaintiff objects to 3M Company and Mine Safety Appliances, LLC's ("Defendants") Interrogatories to the extent that Defendants seek information pertaining to matters not relevant nor reasonably calculated to lead to the discovery of admissible evidence. By providing the information contained in these answers, Plaintiff does not waive his right to seek limits on discovery to those matters properly at issue under the applicable law.

2. Plaintiff generally objects to Defendants' Interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, the privilege accorded to the identity, mental impressions, and opinions of consulting experts, the party communications and investigative privilege and any other constitutional, statutory or common law privilege recognized by law.

3. It is Plaintiff's intent to assert all applicable privileges and exemptions from discovery and to otherwise fully protect privileged or exempt information or documents. Any disclosure of privileged or exempt information is inadvertent, involuntary, and unintentional, and is not intended to be a waiver of any privileges or exemptions.

4. Unless otherwise indicated, in responding to these Interrogatories, Plaintiff has assumed that the terms, words and phrases used by Defendants in these Interrogatories have the usual and normal definitions and meanings as generally used in the English language.

5. Each and every answer to any of the following inquiries set forth in Defendants' Interrogatories is intended to include the general objections stated above. No answer is intended to be a waiver of these objections. Additional specific objections made in answer to a particular interrogatory are not intended to, and do not, vitiate these general objections.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the make and model of each respirator or "dust mask" you used during your coal mining career.

**ANSWER:**

**During his coal mining career, Plaintiff, Colin Cook, wore the following respirators: the MSA Dustfoe 66, the 3M 8710 and the 3M 8210.**

**INTERROGATORY NO. 2:** For each product identified in response to Interrogatory 1, identify the years when Plaintiff used that product while mining coal.

**ANSWER:**

(a) **V & B Mining**
**Mine location: Red Fox, Knott County, KY**
**Years: Approximately the first portion of 1984**
**3M 8710 respirator. Mr. Cook worked as a roof bolter helper then a roof bolter.**

(b) **Conmar Mining**
**Mine location: Littcarr, Knott County, KY**
**Years: Approximately 1984-86**
**3M 8710 respirator. Mr. Cook worked as a roof bolter.**

(c) **Stacy & Atkins Mining**
**Mine location: same as Comar mine**
**Years: Approximately 1987-1988.**
**3M 8710 respirator. Mr. Cook worked as a roof bolter.**

(d) **Triple C & G**
**Mine location: Leatherwood, Perry County, KY**
**Years: Approximately 1988-1991**
**MSA Dustfoe 66 and 3M 8710 respirators. Mr. Cook worked as a roof bolter.**

(e) **Golden Oak Mining**
**Mine Location: Hindman, Knott County, KY**
**Years: Approximately 1991 - 1995**
**MSA Dustfoe 66 respirator. Mr. Cook worked as a roof bolter and a continuous miner operator.**

(f) **Fox Mining**
**Mine location: Linefork, Letcher County, KY**
**Years: Approximately 1995-99**
**MSA Dustfoe 66 respirator. Mr. Cook worked as a continuous miner operator.**

(g) **Coastal Coal Co.**
**Mine location: Whitesburg, Letcher County, KY**
**Years: Approximately two months**
**Dual filter respirator. Mr. Cook worked as a continuous miner operator.**

(h) **Hubb Coal Co.**
**Mine location: Leatherwood, Perry County, KY**
**Years: Approximately a few days in 1999 when he suffered a back and leg injury that ended his career.**
**Dual filter respirator. Mr. Cook worked as a continuous miner operator.**

**INTERROGATORY NO. 3:** If Plaintiff has been diagnosed with black lung disease (including coal workers pneumoconiosis or silicosis), please:

a. Identify the physician who made the diagnosis; and

b. Identify the date of that diagnosis.

**ANSWER:**

**a. Dr. Rafiqul Alam**

**b. 11-10-2020**

**INTERROGATORY NO. 4:** Has Plaintiff filed a state workers' compensation, USDOL, or Social Security Disability claim related to black lung? If so, specify the type of each such claim and date it was filed.

**ANSWER:**

**Mr. Cook has not filed a state worker's compensation, USDOL, or social security disability claim related to his black lung.**

**INTERROGATORY NO. 5:** Identify the date on which the Plaintiff first consulted with any lawyer about a "dust mask" or respirator lawsuit.

**ANSWER:**

**Interrogatory No. 5 is not relevant to Mr. Cook's case because he was diagnosed on November 11, 2020, within a year of the filing of the lawsuit on April 14, 2021.**

**VERIFICATION**

STATE OF KENTUCKY §
§
COUNTY OF PIKE §

BEFORE ME, the undersigned Notary Public, on this day personally appeared COLIN COOK, who, being by me duly sworn, upon oath deposed and said that he is a Plaintiff in the above styled case and that the statements contained in the above and foregoing Answers to Interrogatories are true and correct as therein stated to the best of his knowledge, information and belief.

Colin Cook
COLIN COOK

SWORN TO AND SUBSCRIBED BEFORE ME on this the 21 day of September, 2023, to certify which witness my hand and official seal of office.

James L. Hamilton II
Notary Public

James L. Hamilton II
Printed name

My commission expires: 11-18-25

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION

BRIAN ADAMS, et al.
(BRIAN AND NIKKI DOTSON) PLAINTIFFS

v. 7:21-CV-00082-REW-CJS

3M COMPANY, et al. DEFENDANTS

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT'S JOINT SET OF INTERROGATORIES**

Plaintiff, Brian Dotson, submits his Answers and Objections to the Defendants' Joint Set of Interrogatories.

**MARTIN WALTON LAW FIRM**

*/s/Michael B. Martin*
Michael B. Martin
Texas Bar No.: 13094400
Kentucky Bar No. 96907
699 S. Friendswood Drive, Suite 106
Friendswood, Texas 77456-4580
(713) 773-2035
(832) 559-0878 (facsimile)
mmartin@martinwaltonlaw.com

James Hamilton
Jonah L. Stevens
Destiny S. Hamilton
HAMILTON & STEVENS, PLLC
P.O. Box 1286
Pikeville, KY 41502
606-437-6555
606-437-6553 (fax)
james@hamiltonstevenslaw.com
jonah@hamiltonstevenslaw.com
destiny@hamiltonstevenslaw.com

Johnny Givens
Kentucky Bar No. 98938
**GIVENS LAW FIRM, PLLC**
240 Trace Colony Park Drive, Suite 100
Ridgeland, Mississippi 39157
Office: (601) 300-2009
Fax: (601) 651-3948
johnny@givens-law.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served electronically or via US Mail on this 29th day of September 2023, upon all parties of record.

*/s/Michael Martin*
Michael B. Martin

**ANSWERS AND OBJECTIONS**

**GENERAL OBJECTIONS**

1. Plaintiff objects to Defendants, 3M Company, American Optical Corporation, Cabot CSC, LLC, and Mine Safety Appliances' ("Defendants") Interrogatories to the extent that Defendants seek information pertaining to matters not relevant nor reasonably calculated to lead to the discovery of admissible evidence. By providing the information contained in these answers, Plaintiff does not waive his right to seek limits on discovery to those matters properly at issue under the applicable law.

2. Plaintiff generally objects to Defendants' Interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, the privilege accorded to the identity, mental impressions, and opinions of consulting experts, the party communications and investigative privilege and any other constitutional, statutory or common law privilege recognized by law.

3. It is Plaintiff's intent to assert all applicable privileges and exemptions from discovery and to otherwise fully protect privileged or exempt information or documents. Any disclosure of privileged or exempt information is inadvertent, involuntary, and unintentional, and is not intended to be a waiver of any privileges or exemptions.

4. Unless otherwise indicated, in responding to these Interrogatories, Plaintiff has assumed that the terms, words and phrases used by Defendants in these Interrogatories have the usual and normal definitions and meanings as generally used in the English language.

5. Each and every answer to any of the following inquiries set forth in Defendants' Interrogatories is intended to include the general objections stated above. No answer is intended to be a waiver of these objections. Additional specific objections made in answer to a particular interrogatory are not intended to, and do not, vitiate these general objections.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the make and model of each respirator or "dust mask" you used during your coal mining career.

**ANSWER:**

**During his coal mining career, Brian Dotson wore the following respirators: the MSA Dustfoe 66, the 3M 8710 and 3M 8210, and the AO 2090N.**

**INTERROGATORY NO. 2:** For each product identified in response to Interrogatory 1, identify the years when Plaintiff used that product while mining coal.

**ANSWER:**

**(a) Nick's Coal Company**
**Mine location: Nick's Mine, Floyd County, KY**
**Years: Approximately 1989**
**MSA Dustfoe 66 respirator. Mr. Dotson worked as a general laborer and beltman.**

**(b) Knott County Coal**
**Mine location: Brimstone Mine, Holly Brush Mine, Knott County, KY**
**Years: Approximately 1990 - 1995/96**
**MSA Dustfoe 66 respirator. Mr. Dotson worked as a shuttle car operator and roof bolter.**

**(c) Sidney Coal**
**Mine location: Solid Energy Mine, Pike County, KY**
**Years: Approximately 1996 - 2004**
**MSA Dustfoe 66 respirator and the 3M 8710 and 3M 8210 respirators. Mr. Dotson worked as a miner operator.**

**(d) CAM Mining**
**Mine location: Rob Fork Mine, Pike County, KY**
**Years: Approximately June 2004 to May 2008**
**AO 2090N and 3M 8210 respirators. Mr. Dotson worked as a miner operator.**

**(e) CS & S Mining**
**Mine location: CS & S Mine, Pike County, KY**
**Years: Approximately May 2008 to August 2012**
**3M 8210 respirator. Mr. Dotson was employed as a miner operator.**

(f) **Dickerson Russell Coal Company (Alpha)**
**Mine Location: Cherokee mine**
**Years: Approximately 2012 – 2014**
**3M 8210 respirator. Mr. Dotson worked as a miner operator and section boss.**

(g) **Murray Energy**
**Mine location: Ohio County Coal, Belmont County**
**Years: Approximately October 2014 to December 2016**
**3M 8210 respirator. Mr. Doston was employed as a section boss.**

(h) **Quest Energy**
**Mine location: Mine 15 shaft, Floyd County, KY**
**Years: Approximately December 2016 to February 2019**
**3M 8210 respirator. Mr. Dotson was employed as a section boss.**

(i) **Jetco Coal Company**
**Mine location: Phoenix mine, Pike County, KY**
**Years: Approximately December 2019 to 2022**
**3M 8210 respirator. Mr. Dotson worked as a belt boss, taking care of belts and outby jobs.**

(j) **American Resources**
**Mine location: Pike County, KY**
**Years: Present employer**
**Mr. Dotson has a Part 90 position and is not working in areas of hazardous dust.**

**INTERROGATORY NO. 3:** If Plaintiff has been diagnosed with black lung disease (including coal workers pneumoconiosis or silicosis), please:

a. Identify the physician who made the diagnosis; and

b. Identify the date of that diagnosis.

**ANSWER:**

**a. Dr. Abdallah Kharnaf**

**b. 4-20-2021**

**INTERROGATORY NO. 4:** Has Plaintiff filed a state workers' compensation, USDOL, or Social Security Disability claim related to black lung? If so, specify the type of each such claim and date it was filed.

**ANSWER:**

**Mr. Dotson has not filed any claims for state workers compensation, USDOL, or social security disability related to black lung.**

**INTERROGATORY NO. 5:** Identify the date on which the Plaintiff first consulted with any lawyer about a "dust mask" or respirator lawsuit.

**ANSWER:**

**Interrogatory No. 5 is not relevant to Mr. Dotson's case because he was diagnosed with black lung on April 20, 2021, and the lawsuit was filed on April 14, 2021.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION

BRIAN ADAMS, et al.
(Brandon Fleming) PLAINTIFFS

v. 7:21-CV-00082-REW-CJS

3M COMPANY, et al. DEFENDANTS

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO**
**DEFENDANT'S JOINT SET OF INTERROGATORIES**

Plaintiff, Brandon Fleming, submits his Answers and Objections to the Defendants' Joint Set of Interrogatories.

**MARTIN WALTON LAW FIRM**

*/s/Michael B. Martin*
Michael B. Martin
Texas Bar No.: 13094400
Kentucky Bar No. 96907
699 S. Friendswood Drive, Suite 106
Friendswood, Texas 77456-4580
(713) 773-2035
(832) 559-0878 (facsimile)
mmartin@martinwaltonlaw.com

James Hamilton
Jonah L. Stevens
Destiny S. Hamilton
HAMILTON & STEVENS, PLLC
P.O. Box 1286
Pikeville, KY 41502
606-437-6555
606-437-6553 (fax)
james@hamiltonstevenslaw.com
jonah@hamiltonstevenslaw.com
destiny@hamiltonstevenslaw.com

Johnny Givens
Kentucky Bar No. 98938
**GIVENS LAW FIRM, PLLC**
240 Trace Colony Park Drive, Suite 100
Ridgeland, Mississippi 39157
Office: (601) 300-2009
Fax: (601) 651-3948
johnny@givens-law.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served electronically or via US Mail on this 29th day of September 2023, upon all parties of record.

*/s/Michael Martin*
Michael B. Martin

## ANSWERS AND OBJECTIONS

## GENERAL OBJECTIONS

1. Plaintiff objects to Defendants, 3M Company, American Optical Corporation, Cabot CSC, LLC, and Mine Safety Appliances' ("Defendants") Interrogatories to the extent that Defendants seek information pertaining to matters not relevant nor reasonably calculated to lead to the discovery of admissible evidence. By providing the information contained in these answers, Plaintiff does not waive his right to seek limits on discovery to those matters properly at issue under the applicable law.

2. Plaintiff generally objects to Defendants' Interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, the privilege accorded to the identity, mental impressions, and opinions of consulting experts, the party communications and investigative privilege and any other constitutional, statutory or common law privilege recognized by law.

3. It is Plaintiff's intent to assert all applicable privileges and exemptions from discovery and to otherwise fully protect privileged or exempt information or documents. Any disclosure of privileged or exempt information is inadvertent, involuntary, and unintentional, and is not intended to be a waiver of any privileges or exemptions.

4. Unless otherwise indicated, in responding to these Interrogatories, Plaintiff has assumed that the terms, words and phrases used by Defendants in these Interrogatories have the usual and normal definitions and meanings as generally used in the English language.

5. Each and every answer to any of the following inquiries set forth in Defendants' Interrogatories is intended to include the general objections stated above. No answer is intended to be a waiver of these objections. Additional specific objections made in answer to a particular interrogatory are not intended to, and do not, vitiate these general objections.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the make and model of each respirator or "dust mask" you used during your coal mining career.

**ANSWER:**

**During his coal mining career, Brandon Feming wore the following respirators: the MSA Dustfoe 77 and the MSA Dustfoe 66, the 3M 8710 and 3M 8210, and the AO 2090N.**

**INTERROGATORY NO. 2:** For each product identified in response to Interrogatory 1, identify the years when Plaintiff used that product while mining coal.

**ANSWER:**

**(1) Fultz Construction**
**Address: Whitesburg, KY**
**Phone: No longer in business**
**Dates: Approximately 1997 to 2001**
**Supervisor: Colin Fultz**
**Sites: N/A**
**County: Letcher County, KY; Pike County, KY; Harlan; Perry**
**Job description: laying rail, bolt machine operator, shuttle car operator, general labor.**
**Respirator used during these years: Dustfoe 77, Dustfoe 66, 3M 8710, 3M 8210.**

**(2) Fleetwood Energy**
**Address: Virgie, KY**
**Phone: No longer in business**
**Dates: Approximately 2001 to 2003**
**Supervisor: Alger Jent**
**Sites: Fleetwood**
**County: Pike County, KY**
**Job description: Belt line operator; roof bolter operator**
**Respirator used during these years: 3M 8710 and/or 3M 8210.**

**(3) Massey Energy**
**Address: Sydney, KY**
**Phone: No longer in business**
**Dates: Approximately 2003 to 2006**
**Supervisor: Gary Goff, Gary Varney**
**Sites: Rockhouse mines**
**County: Pike County, KY**

**Job description: Assisted in the construction of rails in mines.**
**Respirator used during these years: 3M 8210, AO2090N**

**<u>INTERROGATORY NO. 3:</u>** If Plaintiff has been diagnosed with black lung disease (including coal workers pneumoconiosis or silicosis), please:

a. Identify the physician who made the diagnosis; and

b. Identify the date of that diagnosis.

**ANSWER:**

**a. Dr. Mabe Duncan**

**b. April 20, 2023 – the diagnosis is not CWP but limited only to severe COPD caused by coal dust. Pulmonary Function Tests showed Forced Vital Capacity was measured at 35% and FEV1 was measured at 22%.**

**<u>INTERROGATORY NO. 4:</u>** Has Plaintiff filed a state workers' compensation, USDOL, or Social Security Disability claim related to black lung? If so, specify the type of each such claim and date it was filed.

**ANSWER:**

**Mr. Fleming filed a claim for federal black lung benefits on June 14, 2018, but withdrew the claim because of lack of a diagnosis of coal workers pneumoconiosis. The claim was withdrawn on December 27, 2018.**

**<u>INTERROGATORY NO. 5:</u>** Identify the date on which the Plaintiff first consulted with any lawyer about a "dust mask" or respirator lawsuit.

**ANSWER:**

**Interrogatory No. 5 is not relevant to Mr. Flemings's case because he was diagnosed on April 20, 2023, reflecting that his lawsuit was filed prematurely.**

**VERIFICATION**

STATE OF TEXAS §
§
COUNTY OF GALVESTON §

BEFORE ME, the undersigned Notary Public, on this day personally appeared BRANDON FLEMING, who, being by me duly sworn, upon oath deposed and said that he is a Plaintiff in the above styled case and that the statements contained in the above and foregoing Answers to Interrogatories are true and correct as therein stated to the best of his knowledge, information and belief.

BRANDON FLEMING

SWORN TO AND SUBSCRIBED BEFORE ME on this the 29th day of September, 2023, to certify which witness my hand and official seal of office. This notarial act was an online notarization.

BETHNEY HANNAH LADNER
Notary Public, State of Texas
ID# 132893788
My Commission Expires
January 27, 2025

Notary Public

Bethney Hannah Ladner
Printed name

My commission expires: 1/27/25

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN ADAMS, et al.<br>(KENNETH MEADE AND LISA MEADE) | PLAINTIFFS |
| v. | 7:21-CV-00082-REW-CJS |
| 3M COMPANY, et al. | DEFENDANTS |

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO**
**DEFENDANTS' JOINT SET OF INTERROGATORIES**

Plaintiff, Kenneth Meade, submits his Answers and Objections to the Defendants' Joint Set of Interrogatories.

**MARTIN WALTON LAW FIRM**

*/s/Michael B. Martin*
Michael B. Martin
Texas Bar No.: 13094400
Kentucky Bar No. 96907
699 S. Friendswood Drive, Suite 106
Friendswood, Texas 77456-4580
(713) 773-2035
(832) 559-0878 (facsimile)
mmartin@martinwaltonlaw.com

James Hamilton
Jonah L. Stevens
Destiny S. Hamilton
HAMILTON & STEVENS, PLLC
P.O. Box 1286
Pikeville, KY 41502
606-437-6555
606-437-6553 (fax)
james@hamiltonstevenslaw.com
jonah@hamiltonstevenslaw.com
destiny@hamiltonstevenslaw.com

Johnny Givens
Kentucky Bar No. 98938
**Givens Law Firm, PLLC**
240 Trace Colony Park Drive, Suite 100
Ridgeland, Mississippi 39157
Office: (601) 300-2009
Fax: (601) 651-3948
johnny@givens-law.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served electronically or via US Mail on this 29th day of September 2023, upon all parties of record.

*/s/Michael Martin*
Michael B. Martin

## ANSWERS AND OBJECTIONS

## GENERAL OBJECTIONS

1. Plaintiff objects to Defendants, 3M Company, American Optical Corporation, Cabot CSC, LLC, and Mine Safety Appliances' ("Defendants") Interrogatories to the extent that Defendants seek information pertaining to matters not relevant nor reasonably calculated to lead to the discovery of admissible evidence. By providing the information contained in these answers, Plaintiff does not waive his right to seek limits on discovery to those matters properly at issue under the applicable law.

2. Plaintiff generally objects to Defendants' Interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, the privilege accorded to the identity, mental impressions, and opinions of consulting experts, the party communications and investigative privilege and any other constitutional, statutory or common law privilege recognized by law.

3. It is Plaintiff's intent to assert all applicable privileges and exemptions from discovery and to otherwise fully protect privileged or exempt information or documents. Any disclosure of privileged or exempt information is inadvertent, involuntary, and unintentional, and is not intended to be a waiver of any privileges or exemptions.

4. Unless otherwise indicated, in responding to these Interrogatories, Plaintiff has assumed that the terms, words and phrases used by Defendants in these Interrogatories have the usual and normal definitions and meanings as generally used in the English language.

5. Each and every answer to any of the following inquiries set forth in Defendants' Interrogatories is intended to include the general objections stated above. No answer is intended to be a waiver of these objections. Additional specific objections made in answer to a particular interrogatory are not intended to, and do not, vitiate these general objections.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the make and model of each respirator or "dust mask" you used during your coal mining career.

**ANSWER:**

**During his coal mining career, Kenneth Meade wore the following respirators: the MSA Dustfoe 66, the MSA Dustfoe 77, the 3M 8710, and the 3M 8210.**

**INTERROGATORY NO. 2:** For each product identified in response to Interrogatory 1, identify the years when Plaintiff used that product while mining coal.

**ANSWER:**

**(a) Gem Dawn Mining**
**Mine location: Near John's Creek, Pike County, KY**
**Years: Approximately 1987**
**3M 8210 respirator. Mr. Meade took care of the dump where the coal was unloaded.**

**(b) Shelcha Coal**
**Mine location: Floyd County, KY**
**Years: Approximately late 1980s – early 1990s**
**3M 8710 respirators. Mr. Meade worked here more than once. He watched the dump and worked as a shot firer.**

**( c) Grove Mining**
**Mine location: Floyd County, KY**
**Years: Approximately early 1990s**
**3M 8710 respirator. Mr. Meade worked as a shot firer.**

**(c) Hunter Mining**
**Mine location: Floyd County, KY**
**Years: Approximately 1994/95 – 2004/05**
**3M 8710/8210, MSA Dustfoe 66, MSA Dustfoe 77 respirators. Mr. Meade worked as a scoop operator, shot firer, and roof bolter. He also performed some supervisory work.**

**( e) Mine owned by John Paul Billiter**
**Mine location: Floyd County, KY**
**Years: Approximately 2006 – 2007**
**MSA Dustfoe 66 and MSA Dustfoe 77, 3M 8210 respirators. Mr. Meade operated equipment and worked as a mining foreman.**

(f) **Several mines**
**Mine location: Floyd, Letcher, and Pike Counties**
**Years: Approximately between 2007 – 2009/10. He worked for short periods at these mines.**
**Floyd County Mine: Drill operator. Mr. Meade wore the 3M 8210 respirator.**
**Pike County Mine: Drill operator. Mr. Meade wore the 3M 8210 respirator.**
**Mine in Letcher County: Scoop operator. Mr. Meade wore the MSA Dustfoe 77.**

(g) **Murle Dawn Mining**
**Mine location: Floyd County, KY**
**Years: Approximately 2010**
**3M 8210 and MSA Dustfoe 77 respirators. Mr. Meade worked on equipment and as a mining foreman.**

(h) **Red Hawk Mining**
**Mine location: 2 mines in Floyd County, KY (one near Spurlock and the other near Steven's Branch)**
**Years: Approximately 2011 – June 2012, when he suffered a back and neck injury**
**MSA Dustfoe 66 and 3M 8210 respirators. Mr. Meade worked as a belt foreman on a production shift.**

**INTERROGATORY NO. 3:** If Plaintiff has been diagnosed with black lung disease (including coal workers pneumoconiosis or silicosis), please:

a. Identify the physician who made the diagnosis; and

b. Identify the date of that diagnosis.

**ANSWER:**

**To the best of Mr. Meade's knowledge, he was diagnosed with coal workers pneumoconiosis on April 6, 2020, by Dr. Donald Chaffin, Jr.**

**INTERROGATORY NO. 4:** Has Plaintiff filed a state workers' compensation, USDOL, or Social Security Disability claim related to black lung? If so, specify the type of each such claim and date it was filed.

**ANSWER:**

**To the best of Mr. Meade's knowledge, he does not think he has filed any claims for state workers compensation, USDOL, or social security disability related to black lung.**

**INTERROGATORY NO. 5:** Identify the date on which the Plaintiff first consulted with any lawyer about a "dust mask" or respirator lawsuit.

**ANSWER:**

**To the best of Mr. Meade's knowledge, Mr. Meade first consulted with a lawyer or law firm staff member on April 23, 2020.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION

BRIAN ADAMS, et al.
(DENNIE PUGH AND MARY PUGH) PLAINTIFFS

v. 7:21-CV-00082-REW-CJS

3M COMPANY, et al. DEFENDANTS

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO**
**DEFENDANTS' JOINT SET OF INTERROGATORIES**

Plaintiff, Dennie Pugh, submits his Answers and Objections to the Defendants' Joint Set of Interrogatories.

**MARTIN WALTON LAW FIRM**

*/s/Michael B. Martin*
Michael B. Martin
Texas Bar No.: 13094400
Kentucky Bar No. 96907
699 S. Friendswood Drive, Suite 106
Friendswood, Texas 77456-4580
(713) 773-2035
(832) 559-0878 (facsimile)
mmartin@martinwaltonlaw.com

James Hamilton
Jonah L. Stevens
Destiny S. Hamilton
HAMILTON & STEVENS, PLLC
P.O. Box 1286
Pikeville, KY 41502
606-437-6555
606-437-6553 (fax)
james@hamiltonstevenslaw.com
jonah@hamiltonstevenslaw.com
destiny@hamiltonstevenslaw.com

Johnny Givens
Kentucky Bar No. 98938
**GIVENS LAW FIRM, PLLC**
240 Trace Colony Park Drive, Suite 100
Ridgeland, Mississippi 39157
Office: (601) 300-2009
Fax: (601) 651-3948
johnny@givens-law.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served electronically or via US Mail on this 29th day of September 2023, upon all parties of record.

*/s/Michael Martin*
Michael B. Martin

**ANSWERS AND OBJECTIONS**

**GENERAL OBJECTIONS**

1. Plaintiff objects to Defendants, 3M Company, American Optical Corporation, Cabot CSC, LLC, and Mine Safety Appliances' ("Defendants") Interrogatories to the extent that Defendants seek information pertaining to matters not relevant nor reasonably calculated to lead to the discovery of admissible evidence. By providing the information contained in these answers, Plaintiff does not waive his right to seek limits on discovery to those matters properly at issue under the applicable law.

2. Plaintiff generally objects to Defendants' Interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, the privilege accorded to the identity, mental impressions, and opinions of consulting experts, the party communications and investigative privilege and any other constitutional, statutory or common law privilege recognized by law.

3. It is Plaintiff's intent to assert all applicable privileges and exemptions from discovery and to otherwise fully protect privileged or exempt information or documents. Any disclosure of privileged or exempt information is inadvertent, involuntary, and unintentional, and is not intended to be a waiver of any privileges or exemptions.

4. Unless otherwise indicated, in responding to these Interrogatories, Plaintiff has assumed that the terms, words and phrases used by Defendants in these Interrogatories have the usual and normal definitions and meanings as generally used in the English language.

5. Each and every answer to any of the following inquiries set forth in Defendants' Interrogatories is intended to include the general objections stated above. No answer is intended to be a waiver of these objections. Additional specific objections made in answer to a particular interrogatory are not intended to, and do not, vitiate these general objections.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the make and model of each respirator or "dust mask" you used during your coal mining career.

**ANSWER:**

**During his coal mining career, Dennie Pugh wore the following respirators: the MSA Dustfoe 66, the AO 2090N, and the 3M 8710 and 3M 8210.**

**INTERROGATORY NO. 2:** For each product identified in response to Interrogatory 1, identify the years when Plaintiff used that product while mining coal.

**ANSWER:**

(a) **KATCO Coal Company**
**Mine location: Letcher County, KY**
**Years: Approximately 1985/86**
**The 3M 8710 respirators. Mr. Pugh worked as a general laborer.**

(b) **Golden Oak**
**Mine location: 2 mines. One in Letcher County, KY. Other in Knott County, KY**
**Years: Approximately 1986-1997**
**MSA Dustfoe 66, AO 2090N, and 3M 8710/8210 respirators. Mr. Pugh worked as an equipment operator.**

**Mr. Pugh also wore respiratory protection in his abrasive blasting work at B & M Monument. He performed abrasive blasting on gravestone monuments from approximately 1999 – 2010. He wore an MSA Dustfoe 66 respirator with a canvas, non-air fed hood in this work. He wore a disposable 3M 8210 for clean up work.**

**INTERROGATORY NO. 3:** If Plaintiff has been diagnosed with black lung disease (including coal workers pneumoconiosis or silicosis), please:

a. Identify the physician who made the diagnosis; and

b. Identify the date of that diagnosis.

**ANSWER:**

**a. Devin Whitt, APRN**

**b. 2-2-2023**

<u>**INTERROGATORY NO. 4:**</u> Has Plaintiff filed a state workers' compensation, USDOL, or Social Security Disability claim related to black lung? If so, specify the type of each such claim and date it was filed.

**ANSWER:**

**Mr. Pugh has not filed any claims for state workers compensation, USDOL, or social security disability related to black lung.**

<u>**INTERROGATORY NO. 5:**</u> Identify the date on which the Plaintiff first consulted with any lawyer about a "dust mask" or respirator lawsuit.

**ANSWER:**

**Interrogatory No. 5 is not relevant to Mr. Pugh's case because he was diagnosed on February 2, 2023, after the lawsuit was filed on April 14, 2021.**

**VERIFICATION**

STATE OF KENTUCKY §
§
COUNTY OF PIKE §

BEFORE ME, the undersigned Notary Public, on this day personally appeared DENNIE PUGH, who, being by me duly sworn, upon oath deposed and said that he is a Plaintiff in the above styled case and that the statements contained in the above and foregoing Answers to Interrogatories are true and correct as therein stated to the best of his knowledge, information and belief.

Dennie Pugh
DENNIE PUGH

SWORN TO AND SUBSCRIBED BEFORE ME on this the 19 day of September, 2023, to certify which witness my hand and official seal of office.

Destiny Pugh
Notary Public

Destiny Pugh
Printed name

My commission expires: 11-18-25

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION

BRIAN ADAMS, et al.
(ROGER AND BETTY STATON) PLAINTIFFS

v. 7:21-CV-00082-REW-CJS

3M COMPANY, et al. DEFENDANTS

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO**
**DEFENDANTS' JOINT SET OF INTERROGATORIES**

Plaintiff, Roger Staton, submits his Answers and Objections to the Defendants' Joint Set of Interrogatories.

**MARTIN WALTON LAW FIRM**

*/s/Michael B. Martin*
Michael B. Martin
Texas Bar No.: 13094400
Kentucky Bar No. 96907
699 S. Friendswood Drive, Suite 106
Friendswood, Texas 77456-4580
(713) 773-2035
(832) 559-0878 (facsimile)
mmartin@martinwaltonlaw.com

James Hamilton
Jonah L. Stevens
Destiny S. Hamilton
HAMILTON & STEVENS, PLLC
P.O. Box 1286
Pikeville, KY 41502
606-437-6555
606-437-6553 (fax)
james@hamiltonstevenslaw.com
jonah@hamiltonstevenslaw.com
destiny@hamiltonstevenslaw.com

Johnny Givens
Kentucky Bar No. 98938
**GIVENS LAW FIRM, PLLC**
240 Trace Colony Park Drive, Suite 100
Ridgeland, Mississippi 39157
Office: (601) 300-2009
Fax: (601) 651-3948
johnny@givens-law.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served electronically or via US Mail on this 28th day of September 2023, upon all parties of record.

*/s/Michael Martin*
Michael B. Martin

## ANSWERS AND OBJECTIONS

## GENERAL OBJECTIONS

1. Plaintiff objects to 3M Company, American Optical Corporation, Cabot CSC, LLC, and Mine Safety Appliances' ("Defendants") Interrogatories to the extent that Defendants seek information pertaining to matters not relevant nor reasonably calculated to lead to the discovery of admissible evidence. By providing the information contained in these answers, Plaintiff does not waive his right to seek limits on discovery to those matters properly at issue under the applicable law.

2. Plaintiff generally objects to Defendants' Interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, the privilege accorded to the identity, mental impressions, and opinions of consulting experts, the party communications and investigative privilege and any other constitutional, statutory or common law privilege recognized by law.

3. It is Plaintiff's intent to assert all applicable privileges and exemptions from discovery and to otherwise fully protect privileged or exempt information or documents. Any disclosure of privileged or exempt information is inadvertent, involuntary, and unintentional, and is not intended to be a waiver of any privileges or exemptions.

4. Unless otherwise indicated, in responding to these Interrogatories, Plaintiff has assumed that the terms, words and phrases used by Defendants in these Interrogatories have the usual and normal definitions and meanings as generally used in the English language.

5. Each and every answer to any of the following inquiries set forth in Defendants' Interrogatories is intended to include the general objections stated above. No answer is intended to be a waiver of these objections. Additional specific objections made in answer to a particular interrogatory are not intended to, and do not, vitiate these general objections.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the make and model of each respirator or "dust mask" you used during your coal mining career.

**ANSWER:**

**During his coal mining career, Plaintiff, Roger Staton, wore the following respirators: the 3M 8500, the 3M 8710 and the 3M 8210.**

**INTERROGATORY NO. 2:** For each product identified in response to Interrogatory 1, identify the years when Plaintiff used that product while mining coal.

**ANSWER:**

**(a) Sun Valley Coal Co. (Later L & N Coal Co.)**
**Mine location: Pike County, KY**
**Years: Approximately 1967-1968**
**3M 8500 respirator. Mr. Staton worked as a general laborer at this surface mine. He learned to operate and operated equipment.**

**(b) JJ & B Coal Co.**
**Mine location: Pike County, KY**
**Years: Approximately late 1960s – early 1970s**
**3M 8500 respirator. Mr. Staton worked as a general laborer.**

**(c) Elkhorn Fuels Inc.**
**Mine location: Pike County, KY**
**Years: Approximately 1971/72-1974. Mr. Staton also recalls that he worked here later in the 1970s.**
**3M 8500 and 3M 8710 respirator. Mr. Staton worked at a tipple and prep plant operator.**

**(d) Call & Ramsey**
**Mine location: Pike County, KY**
**Years: Approximately mid/late 1970s**
**3M 8710 respirator. Mr. Staton worked as a tipple operator.**

**(e) Colley & Ramsey**
**Mine Location: Pike County, KY**
**Years: Approximately mid/late 1970s**
**3M 8710 respirator. Mr. Staton worked as a tipple operator.**

(f) **Ingram Coal Co.**
**Mine location: Pike County, KY**
**Years: Approximately mid/late 1970s**
**3M 8710 respirator. Mr. Staton worked as a prep plant operator.**

(g) **Coal – Mac/Arch Coal**
**Mine location: Pike County, KY and W VA**
**Years: Approximately 1981 - 2012**
**3M 8710 respirator from 1981 until 1997/98 and 3M 8210 respirator from 1997/1998 - 2012. Mr. Staton worked as an equipment operator and a tipple operator.**

(h) **Bevins Branch Coal Co.**
**Mine location: Pike County, KY**
**Years: Approximately 2001, less than a year then he returned to Coal – Mac/Arch Coal.**
**3M 8210 respirator. Mr. Staton worked as an equipment operator.**

**INTERROGATORY NO. 3:** If Plaintiff has been diagnosed with black lung disease (including coal workers pneumoconiosis or silicosis), please:

a. Identify the physician who made the diagnosis; and

b. Identify the date of that diagnosis.

**ANSWER:**

**a. Norton Community Hospital**

**b. Sometime in 2019**

**INTERROGATORY NO. 4:** Has Plaintiff filed a state workers' compensation, USDOL, or Social Security Disability claim related to black lung? If so, specify the type of each such claim and date it was filed.

**ANSWER:**

**Mr. Staton filed a USDOL claim in approximately 2019.**

**INTERROGATORY NO. 5:** Identify the date on which the Plaintiff first consulted with any lawyer about a "dust mask" or respirator lawsuit.

**ANSWER:**

**To the best of Mr. Staton's knowledge, he first consulted with a lawyer or law firm staff member regarding concerns about the dust masks he wore in mining on February 23, 2021.**

**VERIFICATION**

STATE OF KENTUCKY §
§
COUNTY OF PIKE §

BEFORE ME, the undersigned Notary Public, on this day personally appeared ROGER STATON, who, being by me duly sworn, upon oath deposed and said that he is a Plaintiff in the above styled case and that the statements contained in the above and foregoing Answers to Interrogatories are true and correct as therein stated to the best of his knowledge, information and belief.

Roger Staton
ROGER STATON

SWORN TO AND SUBSCRIBED BEFORE ME on this the 19 day of September, 2023, to certify which witness my hand and official seal of office.

Destiny Pugh
Notary Public

Destiny Pugh
Printed name

My commission expires: 11-18-25