UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

BRIAN ADAMS, *et al.*,          )
                                )
        Plaintiffs,             )
                                )        No. 7:21-CV-82-REW-CJS
v.                              )
                                )
3M COMPANY, *et al.*,           )        OPINION & ORDER
                                )
        Defendants.             )

\*\*\* \*\*\* \*\*\* \*\*\*

## I.     Background

This matter involves a mass tort action brought by former coal miners and/or their spouses for personal injuries allegedly arising from the failure of respirators to protect the miners against exposure to coal, rock, and dust while working in the mines. *See generally* Compl. (DE 1-1 at 224–74). As a result of the allegedly defective respirators, the miners claim that they suffer from coal worker's pneumoconiosis ("CWP" or "black lung" disease), COPD, and other injuries. *See id.* ¶ 1. Defendants are manufacturers and sellers of the respirators, or as applicable, their corporate successors-in-interest. *See id.* ¶¶ 3, 10, 12, 18. Defendants 3M Company f/k/a Minnesota Mining and Manufacturing Company ("3M"), Mine Safety Appliances Company ("Mine Safety"), American Optical Corporation ("AOC"), Cabot Corporation ("Cabot"), Cabot CSC Corporation ("Cabot CSC"), Aearo LLC ("Aearo"), and Aearo Technologies, LLC ("Aearo Tech")[1] represent the "Manufacturing Defendants." *See id.* ¶ 11. The "Selling Defendants" consist of Defendants Mine Service Company, Inc. ("Mine

---

[1] While Aearo Tech is a named defendant in the action, Plaintiffs do not clearly identify it as a Manufacturing Defendant. However, subsequent filings confirm that Aearo Tech is a Manufacturing Defendant. *See, e.g.*, DE 1 (Notice of Removal) at 7 n.2.

Service"), Network Supply a/k/a/ Network Supply, Inc. a/k/a Roswell, Inc. ("Network Supply"), Regina Mine Supply, Inc. ("Regina Mine"), Carbon Mine Supply, LLC ("Carbon Mine"), M & M Mine Supply, Inc. ("M & M Mine"), and Kentucky Mine Supply Company ("Kentucky Mine"). *See id.* ¶ 18.

Plaintiffs bring claims for strict liability, negligence, breach of implied warranty, punitive damages, and, as applicable for a given plaintiff, wrongful death against all defendants. *See id.* ¶¶ 19–35, 51–61. Plaintiffs separately allege intentional misrepresentation against the Manufacturing Defendants. *See id.* ¶¶ 36–46. Plaintiffs also argue that the Selling Defendants are not immune from liability under Kentucky's "middleman" statute. *See id.* ¶¶ 47–50.

Plaintiffs filed this action on April 14, 2021, in Pike Circuit Court. *See* Compl. Defendants later removed the action to this Court. *See* DE 1. After litigation over remand, the matter remains before the Court.

3M now moves for summary judgment on all claims brought by Plaintiff Cynthia Patton as Executrix of the Estate of John Patton. *See* DE 51 (3M Motion). In addition to the other standard claims, Patton pursues a wrongful death claim against 3M and the other defendants. *See* Compl. ¶¶ 60–61. In its motion, 3M argues that the statute of limitations bars Patton's claims because John Patton (the decedent) died on May 7, 2017. *See* DE 51 at 2, 4.

Defendants Mine Safety, AOC, Cabot, Cabot CSC, Aearo, Aearo Tech, Mine Service, and Kentucky Mine move to join 3M's motion.[2] *See* DE 53 (Mine Service/Kentucky Mine Motion); DE 54 (AOC/Cabot/Aearo Motion); DE 58 (Mine Safety Motion). The response

---

[2] The remaining defendants (Regina Mine, Carbon Mine, and M & M Mine) have not moved to join the motion. However, in the notice of removal, 3M indicated that Regina Mine and Carbon Mine are dissolved corporations. *See* DE 1 at 39; DE 1-11 (Secretary of State Record for Regina Mine); DE 1-12 (Secretary of State Record for Carbon Mine). On this ground, Network Supply was already dismissed as a party to this action prior to removal. *See* DE 1-1 at 43, 78, 88, 111, 145–48, 174. M & M Mine has yet to enter an appearance in this action.

deadline has passed, and Patton has failed to respond over the course of many months. The matter is now ripe for review.

## II. Motion for Summary Judgment

### A. Standard

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ P. 56(a). In determining whether a genuine dispute exists, the Court considers all facts and draws all inferences in the light most favorable to the non-moving party. *See Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986); *Lindsay v. Yates*, 578 F.3d 407, 414 (6th Cir. 2009). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). If the moving party satisfies its burden, the burden then shifts to the non-moving party to produce "specific facts" showing a "genuine issue" for trial. *Id.* Indeed, "the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2514 (1986). However, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex Corp*, 106 S. Ct. at 2552.

### B. Analysis

"If a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. Tennessee*, 878 F.2d 382 (Table), 1989 WL 72470, at *2 (6th Cir. 1989); *see also Swanigan v. FCA US LLC,* 938 F.3d 779, 786 (6th Cir. 2019) ("[T]his court also deems issues not raised in

response to dispositive motions forfeited."). This District's Local Rules also state that a nonmoving party's "[f]ailure to timely respond to a motion may be grounds for granting the motion." *See* LR 7.1(c). Nonetheless, even if the non-moving party fails to respond, "[t]he court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that [it] has discharged" its initial burden. *Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 381 (6th Cir. 2011) (citing *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir.1991)). As Rule 56(e)(3) confirms, an unopposed motion should result in judgment only "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ P. 56(e)(3).

Although Patton failed to respond to 3M's motion for summary judgment and therefore, arguably waived opposition to the motion, the Court will still assess whether 3M has met its initial burden. 3M argues that Patton's claims are time-barred because she did not file her lawsuit until nearly four years after the decedent's death, which is beyond the two-year limitations period for wrongful death actions. *See* DE 51 at 4. Further, the discovery rule does not toll the statute of limitations for Patton's claims. *See id.* at 4–7. As set forth below and upon review of 3M's motion, the Court finds no genuine disputes of material fact remain as to whether the statute of limitations bars Patton's claims, and therefore, 3M is entitled to summary judgment.

Normally, under Kentucky law, a plaintiff must bring a personal injury action within one year after the action accrues, or that action is untimely. *See* Ky. Rev. Stat. § 413.140(1)(a). In the context of latent disease cases (such as the instant action), the discovery rule dictates when a personal injury action accrues. *See Adams v. Cooper Indus., Inc.*, Civil Action No. 03-476-JBC, 2006 WL 2983054, at *2 (E.D. Ky. Oct. 17, 2006) (applying Kentucky law); *3M Co. v. Engle*,

328 S.W.3d 184, 186, 189 (Ky. 2010) (designating "black lung" as a latent disease for purposes of the discovery rule).  The discovery rule provides that "a plaintiff's cause of action accrues when he discovers, or in the exercise of reasonable diligence should have discovered, that he has been injured and that his injury may have been caused by the defendant."  *Engle*, 328 S.W.3d at 189.

The discovery rule stops tolling the statute of limitations upon the plaintiff's actual or constructive knowledge of his injury and its source.  *See Roark v. 3M Co.*, 571 F. Supp. 3d 708, 712 (E.D. Ky. 2021).  A plaintiff acquires constructive knowledge "through awareness of sufficient 'critical facts' to put [him] on notice."  *Id.*  However, regardless of whether the plaintiff has actual or constructive knowledge of *who* caused his injury, "[a] person who knows he has been injured has a duty to investigate and discover the identity of the tortfeasor within the statutory time constraints."  *Queensway Fin. Holdings Ltd. v. Cotton & Allen, P.S.C.*, 237 S.W.3d 141, 151 (Ky. 2007) (citation and quotation marks omitted).  If the plaintiff "is not reasonably diligent in conducting such an investigation," he cannot benefit from the discovery rule.  *Roark*, 571 F. Supp. 3d at 712.

Personal injury actions that also include wrongful death claims create an additional wrinkle—a personal representative may "recover in the same action for both the wrongful death of [a] decedent and for the personal injuries from which the decedent suffered prior to death" if the decedent suffered tortious injuries and later died from those injuries.  *See* Ky. Rev. Stat. § 411.133.  "If the statute of limitations for a personal injury claim has not yet run when the person entitled to bring the claim dies, . . . the personal representative will have one year from the time of appointment to commence the action, but no more than two years after the decedent's death."  *Booker v. Gates Rubber Co., Inc.*, CIVIL ACTION NO. 3:16-CV-00097-GNS-DW, 2016 WL

6603943, at *1 (W.D. Ky. Nov. 7, 2016) (citing Ky. Rev. Stat. § 413.180); *see Conner v. George W. Whitesides Co.*, 834 S.W.2d 652, 655 (Ky. 1992) (in construing § 413.180, finding that the statute "provide[s] two years from the date of death to appoint a personal representative and commence a cause of action for wrongful death"); *Everley v. Wright*, 872 S.W.2d 95, 97 (Ky. Ct. App. 1993) (reiterating *Conner*'s holding); *see also Moody v. Cooper Indus., Inc.*, No. Civil Action No. 03-158-JBC, 2006 WL 1207703, at *2 (E.D. Ky. May 3, 2006) ("[A] wrongful death claim . . . must be filed within one year of the representative's appointment and no later than two years after the decedent's death."). Therefore, at the latest under Kentucky law, a personal representative in this position must file the consolidated personal injury/wrongful death action within two years after the decedent's death. *See Booker*, 2016 WL 6603943, at *2.

Consistent with this rule, a consolidated personal injury/wrongful death action surely and finally accrues upon the decedent's death. *See also Johnston v. Sisters of Charity of Nazareth Health Sys., Inc.*, No. 2002-CA-001812-MR, 2003 WL 22681562, at *4 (Ky. Ct. App. Nov. 14, 2003) ("[T]he cause of action accrues when the fact of injury is known; the decedent's death provides the notice to investigate.") (citation omitted). At that time, the discovery rule can no longer toll the statute of limitations, absent a defendant's fraudulent concealment or misrepresentation of the circumstances surrounding the death. *See McCollum v. Sisters of Charity of Nazareth Health Corp.*, 799 S.W.2d 15, 19 (Ky. 1990); *Simmerman v. Ace Bayou Corp.*, Civil Action No. 5:14-382-DCR, 2016 WL 482020, at *4 (E.D. Ky. Feb. 5, 2016) (declining to apply the discovery rule "[b]ecause the plaintiffs knew or should have known that they had been injured on the date of [the decedent]'s death.") That is because "death is the injury that put[s claimants] on notice to investigate." *McCollum*, 799 S.W.2d at 19.

Because Patton, as the personal representative of the decedent, brings personal injury and wrongful death claims on his behalf, Patton had, at most, two years after the decedent's death to file the lawsuit.[3]  The decedent died on May 7, 2017,[4] and the claims accrued on that date.  *See* DE 51-1 (Exhibit 1) (John Patton Online Obituary) at 13.  Regardless of whether the discovery rule had tolled the personal injury claims before then, the discovery rule no longer extended the limitations period upon the decedent's death.  At that point, Patton was on notice to investigate the decedent's death and its causes within the statutory time limit.  Further, Patton does not allege (or, in order to survive summary judgment, produce evidence) that 3M fraudulently concealed or misrepresented the circumstances surrounding the decedent's death as necessary to implicate the discovery rule post-mortem.[5]  Patton therefore needed to file her claims by May 7,

---

[3] The two-year limitations period assumes that the statute of limitations had not yet run on the personal injury claims, meaning that the decedent had no prior knowledge of his injury or was not otherwise "on notice" of his injury.  While ultimately unnecessary to this Court's holding, 3M cites to case law and other evidence suggesting that Patton was "on notice" of the decedent's injury prior to his death, such as the influx of litigation by coal miners against respirator manufacturers.  *See e.g.*, *Blanton v. Cooper Indus., Inc.*, 99 F. Supp. 2d 797, 802–03 (E.D. Ky. 2000) (declining to apply discovery rule where "hundreds of plaintiffs" were involved in similar litigation, and the inciting event was heavily publicized in the local community); DE 51-2 (Exhibit 2) (compiling list of respirator lawsuits against 3M in Kentucky since January 1, 2001); DE 51-3 (Exhibit 3) (compiling local newspaper articles on respirator lawsuits brought by miners).  Therefore, two years is the absolute "outer limit" of the statutory period for Patton's claims.  *Everley*, 872 S.W.2d at 97.

[4] The court "must take judicial notice [of a fact] if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).  Judicial notice is appropriate if the fact "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  3M requests that the Court take judicial notice of the decedent's date of death based on his online obituary, which 3M cites and submits as an exhibit.  *See* DE 51-1; *see also John Patton Obituary*, Legacy (May 18, 2017), https://www.legacy.com/us/obituaries/floydcountytimes/name/john-patton-obituary?id=16765300.   The Court finds that judicial notice of the decedent's date of death is appropriate due to the accuracy of the source.  *See Novak v. Federspiel*, Case No. 1:21-CV-12008, 2023 WL 1094545, at *10 n.5 (E.D. Mich. Jan. 27, 2023) (taking judicial notice of online obituary); *Waclawski v. Romanowski*, Civil Action No. 2:12-CV-10863, 2013 WL 607774, at *1 n.1 (E.D. Mich. Feb. 19, 2013) (taking judicial notice of obituary published in newspaper).

[5] When the nonmoving party fails to respond to a motion for summary judgment, "the trial court may rely upon the facts presented and designated by the moving party."  *Davis v. Cotting Carriers*, 102 F. App'x 938, 939 (6th Cir. 2004).  The Court does so here since Patton failed to respond to 3M's motion.

2019, or else face the time bar. However, she did not file her complaint until April 14, 2021, nearly four years after the decedent's death and two years after the statute of limitations expired. *See* Compl. Patton's claims are untimely, and no evidence supports a contrary conclusion. Accordingly, the Court grants summary judgment for 3M and dismisses Patton's claims as to 3M.

### III. Motions for Joinder

Because AOC, Cabot, Cabot CSC, Aearo, Aearo Tech, and Mine Safety are also Manufacturing Defendants, Patton makes identical claims against them, and these entities stand in the same shoes as 3M. Therefore, the Court's analysis applies with equal force as to these defendants. Accordingly, the Court grants their motions for joinder and dismisses Patton's claims as to the remaining Manufacturing Defendants.

Patton's claims against Mine Service and Kentucky Mine—two Selling Defendants— vary ever so slightly from those against 3M. Nonetheless, to the extent that the claims differ, the claims against the Selling Defendants similarly sound in personal injury, and the same statute of limitations analysis governs those claims. Therefore, the Court grants Mine Service and Kentucky Mine's motion for joinder and dismisses Patton's claims as to these defendants.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** DE 51, DE 53, DE 54, and DE 58. The Court further **DISMISSES** Plaintiff Cynthia Patton's claims **WITH PREJUDICE** as to those defendants.

This the 21st day of March, 2024.



Signed By:
*Robert E. Wier*
United States District Judge